## CHEEVER *v.* SCOTT.

The non-appearance of the defendant, not an inhabitant of this State, before a trial commissioner, when notified to appear and testify before him, is not sufficient cause for the rendition of judgment by the court against him as by default.

Under the commissioner act, a party was not bound to appear and testify before a trial commissioner at the request of the other party, unless duly summoned and paid as a witness; and he could not be thus summoned unless within the jurisdiction of our laws.

THIS action having been, in the Court of Common Pleas for this county, referred to a trial commissioner, and notice given to the defendant, who is a citizen of New-York, and has never resided in New-Hampshire, to appear before the commissioner to testify, and he having neglected to appear, the commissioner reported that fact to the court.

The plaintiff moved for a default, because of the neglect of the defendant to appear before the commissioner and testify, and the court, for the purpose of obtaining the opinion of the Supreme Judicial Court, overruled the motion, and the plaintiff excepted to the ruling of court, and filed his bill of exceptions, which was allowed by the court.

*Vose & Cushing,* for the plaintiff.

*Lovell* and *Waite,* for the defendant.

FOWLER, J. By the 7th section of the act of January 7, 1853, generally known as the Commissioner Law, (laws of November session, 1852, ch. 1280 ; Comp. Laws 437,) it is provided that the commissioner or commissioners appointed under the provisions of that act shall have power, upon the request of either party, to examine the other party as a witness in chief. There is no special provision for procuring the attendance of such other party as a witness made in the act, and it would seem, therefore, that a party could only be called upon to testify as a witness, in the same way and under similar circumstances as any other person. Nor is there any provision in the act for taking the deposition of one party, to be used before the commissioner or commissioners at the request of the other. The party must testify in person, or his testimony may not be used. It would seem to follow, as a necessary conclusion, that if a party is to be effectually called upon to testify, he must be within the jurisdiction of the court before whose officer he is required to appear, and be regularly summoned on the subpœna of the commissioner, or some other competent authority. Moreover, from analogy to the case of the principal defendant in trustee process, we think that where one party is summoned by the other to appear and testify, the party summoned is entitled to his fees

for travel and attendance, the same as other witnesses in hearings before commissioners. *Hurd* v. *Fogg*, 33 N. H. 28.

Before, then, a party would be bound to appear and testify as a witness before a commissioner, at the request of his adversary, under the act of January 7, 1853, he must be properly summoned by competent authority, and paid his fees; and he could not be thus summoned unless found within the jurisdiction of our laws.

In the present case, the defendant was a citizen of New-York, and had never resided in this State. We are not aware of any mode in which he could be summoned in New-York and compelled to come and testify in this State; and as there is no provision for taking or using his deposition, we are unable to discover how the provisions of the commissioner act, so far as his testimony is concerned, could be made available. The defendant was beyond the reach of process, and therefore exempt from its penalties.

In the case of auditors, an express provision of the statute authorizes the court, upon the neglect or refusal of a party to appear and testify, render an account, or produce books and papers before them, upon report being made of such neglect or refusal, to render judgment as upon default or nonsuit, provided the party so neglecting or refusing has been specially notified in writing thus to appear and testify, render such account, or produce such books and papers. Rev. Stat., ch. 189, sec. 6; *Wiggin* v. *Wiggin*, 34 N. H. 215. The reason of this provision is undoubtedly to be found in the fact that the statute does not authorize an auditor to proceed *ex parte*, but requires him, if either party, after due notice, shall neglect or refuse to appear and comply with the requisitions of the notice and of the statute, upon the hearing, to certify the fact to the court without hearing the other party at all.

In the case of commissioners, on the other hand, it is expressly enacted, that if either party, on due notice, shall neglect to appear before them, they shall proceed *ex parte*.

Laws of November session, 1852, ch. 1280, sec. 9; Comp. Laws 438.

The defendant, not having been summoned or paid as a witness, and, moreover, not being liable to be summoned and compelled to appear and testify in this State, was guilty of no offence in not appearing upon a mere notice, and therefore liable to no penalty or punishment for such offence.

The ruling of the court below having been correct, the exceptions taken thereto by the plaintiff must be over-ruled.

*Exceptions overruled.*